NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDDY GARCIA MONDRAGON,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1147<br><br>Agency No.<br>A099-471-814<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Freddy Garcia Mondragon, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of

an immigration judge's (IJ) order denying his applications for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT).[1]  Where, as here, the BIA adopts the IJ's reasoning, we review both decisions.  *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).  We review legal conclusions de novo and factual findings for substantial evidence.  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  We assume the parties' familiarity with the facts and recite them only as necessary.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

We deny the petition as to Garcia Mondragon's withholding of removal claim because substantial evidence supports the agency's conclusion that gang members beat him because they wanted to recruit him, not because of a protected ground.  *See Reyes-Corado v. Garland*, 76 F.4th 1256, 1265 (9th Cir. 2023) ("For withholding of removal, an applicant must show that a protected ground would be 'a reason' for the persecution . . . ." (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017))); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from . . . random violence by gang members bears no nexus to a protected ground.").

We also deny the petition as to Garcia Mondragon's CAT claim because he did not exhaust his administrative remedies, and the Attorney General properly

---

[1]    Garcia Mondragon does not challenge the ruling that his asylum application was untimely.

raises his failure to exhaust. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Garcia Mondragon's brief to the BIA did not meaningfully challenge the IJ's finding that he was ineligible for CAT relief because he failed to show he would be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1). The BIA correctly concluded that Garcia Mondragon waived any challenge to the IJ's CAT finding.

**PETITION DENIED.**